UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| SUSAN COMAK, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-13835-GAO |
| WRIGHT MEDICAL TECHNOLOGY, INC. | ) ) ) |
| Defendant. | ) ) |

**QUALIFIED PROTECTIVE ORDER PURSUANT TO 45 C.F.R. 164**

Upon review of defendant's Motion for Entry of Qualified Protective Order Pursuant to 45 C.F.R. 164 ("HIPAA"), it is hereby ORDERED that:

(1) Defendant Wright Medical Technology, Inc.'s motion is ALLOWED.

(2) The plaintiff has filed a complaint alleging personal injury as a result of a defect in a prosthetic hip implant designed and manufactured by defendant.

(3) As certain medical records may be necessary in order to prepare the proper defense of this matter for trial, the current parties (and their attorneys) and any future parties (and their attorneys) are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to the plaintiff to the extent and subject to the conditions outlined herein.

(4) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either,

(a) the past, present or future physical or mental condition of an individual,

(b) the provision of care to an individual, or

(c) the payment for care provided to an individual, which identifies the individual, or which reasonably could be expected to identify the individual.

(5) All "covered entities" (as defined by 45 C.F.R. 160.103) are hereby authorized to disclose PHI pertaining to the plaintiff to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(6) The parties and their attorneys shall be permitted to use the PHI of the plaintiff in any manner that is reasonably connected with the above-captioned litigation. They are prohibited from using the PHI for any other purpose.

(7) At the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity in possession of PHI received from that Defendant pursuant to paragraph 3 of this order shall destroy any and all copies of PHI pertaining to the plaintiff.

(8) This order shall not control or limit the use of protected health information pertaining to the plaintiff that comes into the possession of any party or any party's attorney from a source *other than* a "covered entity", (as that term is defined in 45 C.F.R. 160.103).

(9) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than the Keeper of Records Deposition and Subpoena and notice to all counsel of record.

(10) Nothing in this order relieves any party from complying with the requirements of state and federal law protecting the confidentiality of certain medical records, including, but not

limited to, mental health records, drug and alcohol records, HIV or AIDS records, or sexually transmitted disease records.

(11)   Nothing contained in this qualified protective order shall govern admissibility of said records, which shall remain within the discretion of the trial judge.

SO ORDERED:

_____
George A. O'Toole, Jr.
United States District Court Judge
4/20/16